# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-cv-00812-KDB

| | |
|---|---|
| DAVID MEYERS, | ) |
| Plaintiff, | ) |
| vs. | ) **NOTICE** |
| MARTIN REIDINGER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte on review of Plaintiff's Complaint [Doc. 1] in this matter.

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of Virginia currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or about November 28, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against 15 Defendants, including five District Judges, one Magistrate Judge, six Circuit Judges, the former and current Fourth Circuit Clerks, and the Circuit Executive. [Doc. 1]. Plaintiff is a "three striker" under 28 U.S.C. § 1915(g), see Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020), and failed to pay the filing fee in this matter, [see Doc. 2].

Plaintiff alleges, in part, that Defendants have violated his Eighth Amendment rights by "filing intentional slander, libel, defamation and fraud upon the Court to commit recreational racism and racial racial [*sic*] discrimination, racial bias, racial anarchy and obstruction of justice and witness tampering and deliberate indifference towards a prisoner safety by failing to protect [Plaintiff] and false alleging that [Plaintiff] is delusional and [his] claims are frivolous and that [Plaintiff] is not in imminent danger and that [his] imminent danger claims are fantastical and

delusional[.]" [Id. at 2 (errors uncorrected)]. Plaintiff further alleges that he was "illegally abducted" from the custody of the Virginia Department of Corrections so that Defendants "can execute a murder for hire assassination on [Plaintiff] by failing to protect [him] from the white supremacists racist terrorists NCDPS-NCDAC employees" named in Plaintiff's previous lawsuits. [Id. at 5]. Plaintiff also alleges that he has completed more than 100 college courses in the last 50 days and that he does not take any mental health medication. [Id. at 6].

The Plaintiff has been warned several times that future frivolous or improper filings may result in the imposition of a prefiling review system that would limit his ability to file further lawsuits in this Court. [See Case Nos. 5:23-cv-00082-MR, Doc. 6 at 8; 5:23-cv-00083-FDW, Doc. 5 at 4; 5:23-cv-00086, Doc. 7 at 4; 5:23-cv-00108-GCM, Doc. 5 at 6; 1:23-cv-00123-GCM, Doc. 7 at 4]. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011

WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the Plaintiff, it appears that the circumstances present here indicate that the imposition of a pre-filing review is warranted. As of this Order, the Plaintiff has filed 21 actions in this Court since April 2023,[1] as well as approximately 189 cases in other Districts, see Case No. 3:23-cv-00461-DCC-KFM, Doc. 7 at 1-2, 8-22 (collecting cases). Many of these actions are overlapping and redundant and evince his delusional state of mind. Despite multiple Orders admonishing Plaintiff of possible sanctions for filing frivolous actions, the Plaintiff continues to ignore the Court's Orders. Plaintiff's frivolous and redundant filings are highly burdensome on the Court, having caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, it appears that the Plaintiff is intent on continuing his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Plaintiff should anticipate that an Order will be entered directing that all documents submitted by the Plaintiff in the future will be administratively pre-screened by the Court for content. Pursuant to such, any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the

---

[1] These include Case Nos. 1:23-cv-00123-GCM, 1:23-cv-00166-DCC-KFM, 3:23-cv-00223-MR-DCK, 3:23-cv-00460-DCC-KFM, 3:23-cv-00461-DCC-KFM, 5:23-cv-00064-MR, 5:23-cv-00079-DCC-KFM, 5:23-cv-00080-DCC-KFM, 5:23-cv-00082-MR, 5:23-cv-00083-FDW, 5:23-cv-00086-RJC, 5:23-cv-00104-DCC-KFM, 5:23-cv-00108-GCM, 5:23-cv-00115-DCC-KFM, 5:23-cv-00168-DCC, 5:23-cv-00181-DCC-KFM, 5:23-cv-00182-DCC-KFM, 5:23-cv-00184-DCC-KFM, 5:23-cv-00187-DCC-KFM, and 5:23-cv-00189-DCC-KFM.

Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

The Court, therefore, will provide the Plaintiff the opportunity to explain why a prefiling review system should not be imposed against him in accordance with the terms of this Notice.

The Plaintiff is therefore placed on **NOTICE** that, within **fourteen (14) days** of the entry of this Notice, the Plaintiff shall have the opportunity to file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the above-described pre-filing review system should not be imposed. **The Plaintiff is expressly warned that if he fails to fully comply with this directive, he should anticipate the imposition of the subject pre-filing review system.**

Signed: December 18, 2023

Kenneth D. Bell
United States District Judge